UNITED STATES DISTRICT COURT  NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
RICARDO BROOKS GAMEZ,  :
:
                        *Plaintiff*,  :  MEMORANDUM AND ORDER
:
     - against -  :  11-CV-2760 (JG)
:
STATE OF NEW YORK, FLORIDA,  :
PENNSYLVANIA, MACDONALDS CORP &  :
ALL PERSONS KNOWN and or UNKNOWN-  :
N.Y.D.O.C. and COMMANDS, C.O.  :
SANDERSON, law library employee at GMDC,  :
FEDERAL and STATE DRUG ENFORCEMENT  :
AGENCIES, THE MUNICIPALITY OF N.Y.  :
P.A., BOARD OF CORRECTIONS, N.Y. DOC  :
and COMMANDS, WITHIN GOVERNMENT  :
CAPACITY or PRIVATE ACTORS et al.,  :
MARTIN HORN, "WHITE SUPREMIST,"  :
:
                       *Defendants.*  :
-------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

       On March 11, 2011, Plaintiff Ricardo Brooks Gamez filed this *pro se* action. The Court grants Gamez's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint for the reasons stated below.

BACKGROUND

       This is the fourth of Gamez's several actions in this Court. *See, e.g.*, *Gamez v. Court Room 41 et al.*, No. 10-CV-5414 (JG) (pending § 1983 action against Rikers Island Correctional Facility guards); *Gamez v. New York et al.*, No. 11-CV-1918 (JG) (dismissed by order dated May 4, 2011, as claims were found to be duplicative and frivolous); *Gamez v. State of New York et al.*, No. 11-CV-1921 (JG) (dismissed as frivolous by order dated May 4, 2011); *Gamez v. State of New York et al.*, No. 11-CV-2829 (JG) (dismissed as frivolous by order dated

1

July 25, 2011). Gamez once again re-alleges several claims that he previously asserted in case numbers 10-CV-5414 and 11-CV-1918, specifically, that he was assaulted multiple times while in custody at Rikers Island, *see* Compl. at 5, that New York City Police Department ("NYPD") officers stole his property, *id.*, and that unnamed white supremacists conspired with government actors in violation of 42 U.S.C. §§ 1983 and 1985 to deprive him of his constitutional due process and equal protection rights, *see id.* at 12-14; *id.* at 13-14 (alleging that he "was not allowed to challenge his death sentence at the secret trial held by the white supremacy conspirators that began in Miami Florida in 1998 . . . .").

Gamez's remaining allegations are difficult to comprehend but involve Defendants' attempts to run him over with a police car and poison him with a wide variety of food, including soft drinks, pizza, pasta, cake, hot chocolate, and sandwiches. Compl. at 8. Gamez seeks monetary damages for these harms.

DISCUSSION

A. *Standard of Review*

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of

the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (quotation marks omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

B. *Analysis*

As previously noted, the majority of Gamez's claims in this action are duplicative of claims asserted in two of his prior cases, *Gamez v. Court Room 41 et al.*, No. 10-CV-5414 (JG), and *Gamez v. New York et al.*, No. 11-CV-1918 (JG). I hereby dismiss those claims pursuant to my discretion to administer my docket in light of the fact that Gamez's claims can be fully and fairly dealt with in the pending action of *Gamez v. Court Room 41 et al.*, No. 10-CV-5414 (JG). *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.").

3

Gamez's remaining allegations, even under the very liberal reading we accord *pro se* pleadings, qualify as frivolous. As the Supreme Court held in *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33; *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted) (action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint"). Since Gamez's complaint is devoid of any basis in law or fact – a defect that cannot be cured by amendment – it is hereby dismissed.

## CONCLUSION

Accordingly, the complaint filed *in forma pauperis* is dismissed as duplicative and frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
July 25, 2011

4